UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ROBERT A. TAYLOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 13 C 4597 |
| ) | |
| **RICKY A. HUGHES, KEVIN R. JOHNSON,** ) | **Judge Manish S. Shah** |
| **RUSSELL E. WHITE, JR., KENNETH J. YAKES,** ) | |
| **SHAWN J. PICKETT, RICHARD E. PECK, JR.,** ) | **Magistrate Judge Maria Valdez** |
| **THOMAS B. LIEBER, SCOTT M. McWILLIAMS,**) | |
| **YOLANDA R. COLLIER, JOSHUA WEITZMAN,** ) | |
| **and CITY OF CHICAGO,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S COUNSEL'S WRITTEN STATEMENT REGARDING SANCTIONS

Pursuant to this Court's Memorandum Opinion and Order of January 8, 2020 (Doc. 316) ordering plaintiff's counsel to explain why counsel should not be sanctioned for failure to comply with the Court order setting limits on the number of pages and facts, plaintiff, Robert Taylor, states as follows:

1) Plaintiff asks that his counsel not be sanctioned for failure to comply with this Court's order of February 6, 2019, because counsel's noncompliance was inadvertent, and was not intended to be malicious or disrespectful to the Court, nor to create an unfair advantage to plaintiff in the motion for summary judgment briefing.

2) Regrettably, because of the amount of time that passed between the issuance of the February 6, 2019, order and the full briefing of the motion, resulting from motions for extensions filed by plaintiff when both sides needed additional time, plaintiff's counsel did not recall that a specific order had been entered in this case regarding guidelines and limits for this set of dispositive motions. Plaintiff fully intended to comply with the Court's orders and plaintiff's counsel believed she was complying with the Court's standing orders regarding summary judgment motions. She did not realize until the January 8, 2020, order was entered that she had erred and was not in compliance.

3) Plaintiff's counsel sincerely regrets her error.

## BACKGROUND

4) This action was commenced by the filing of a complaint alleging a cause of action under the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law.

5) On March 29, 2017, this Court issued a memorandum opinion and order on the parties' cross-motions for summary judgment with regard to the non-*Monell* claims, dismissing certain claims brought by plaintiff. *See Doc. 231*.

6) This Court lifted its stay of plaintiff's *Monell* claim against the City of Chicago premised on plaintiff's unlawful detention due to an investigative alert. *See Doc. 234*.

7) The parties were given a deadline of February 25, 2019, to file dispositive motions relating to the *Monell* claim against the City of Chicago. *See Doc. 275*.

8) Following plaintiff's motion for an extension of time to file his motion for summary judgment, on February 6, 2019, this Court granted the motion, and ordered the following: "Each movant is allowed no more than 40 statements of fact in the Rule 56.1 statement and no more than 20 additional facts in a responsive 56.1 statement. No extra pages shall be allowed....Reply briefs are limited to 8 pages." *See Doc. 278*.

9) After this extension was granted, plaintiff filed an unopposed motion for an extension to file the dispositive motions, as both sides needed additional time. *See Doc. 282*. At that time, the parties were given until May 31, 2019, to file their dispositive motions. *See Doc. 284*.

10) After the parties filed their opening briefs on May 31, 2019, plaintiff filed an agreed motion for an extension to file responses to cross-motions for summary judgment, as both sides needed an additional two weeks to file their responses. *See Doc. 296*. That motion was granted. *See Doc. 298*.

11) The motions were fully briefed on August 2, 2019.

12) In Plaintiff's Statement of Undisputed Material Facts, Local Rule 56.1(a)(3), plaintiff's counsel included 47 statements of fact, instead of the ordered 40 statements. *See Doc. 291*. Having forgotten the Court's order of February 6, 2019, plaintiff's counsel thought plaintiff was well within the limit of 80 statements of fact set forth in Local Rule 56.1(a)(3), which states: "Absent prior leave of Court, a movant shall not file more than 80 separately-numbered statements of disputed material fact." Had plaintiff's counsel recalled that the Court's specific limit for this motion was 40 statements of fact and not 80, counsel certainly would have complied.

13) In Plaintiff's Statement of Additional Material Facts, Local Rule 56.1(b)(3)(C), plaintiff's counsel included 40 statements of additional fact, instead of the ordered 20 statements. *See Doc. 302*. Having forgotten the Court's order of February 6, 2019, plaintiff's counsel thought plaintiff was complying with the limit of 40 statements of additional fact set forth in Local Rule 56.1(b)(3)(C)(3), which states: "Absent prior leave of Court, a respondent to a summary judgment motion shall not file more than 40 separately-numbered statements of additional facts." Had plaintiff's counsel recalled that the Court's specific limit for additional facts for this motion was 20 additional facts and not 40, counsel certainly would have complied.

14) Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment Against Defendant City of Chicago was 11 pages, instead of the ordered eight pages. *See Doc. 307*. For the same reasons set forth above, having forgotten about the special order, plaintiff's counsel believed that plaintiff's 11 pages were well within the usual 15-page limit for motion briefs.

15) After noting that defendant City of Chicago did not respond at all to plaintiff's additional facts, the Court ruled: "Taylor's seven extra statements of facts, all his additional facts, and the extra pages in his reply brief are stricken, and any argument made in the excess pages is forfeited." *See Doc. 316 at 3, n 2*.

## EXPLANATION

16) Plaintiff's counsel's noncompliance with this Court's February 6, 2019, order was not at all intentional, and was not meant to be disrespectful to the Court nor burdensome either to the Court or to opposing counsel.

17) Plaintiff's counsel fully intended to comply with any and all orders from this Court. Due to the length of time that had passed between the February 6, 2019, order and plaintiff's counsel's filing of the summary judgment documents, plaintiff's counsel did not recall that there was a specific order in place regarding the summary judgment motions in the instant case. Had plaintiff's counsel recalled the February 6, 2019, order, she absolutely would have guaranteed that plaintiff's summary judgment documents were compliant.

18) Plaintiff's counsel acknowledges that the plaintiff's motions for extensions of time to file the summary judgment documents, when both sides needed additional time, contributed to the length of time that passed between the February 6, 2019, order and the filing of summary judgment documents, which caused counsel to no longer recall the order.

19) The Court having already applied a sanction (the striking of seven statements of fact, all 40 statements of additional fact, and three pages of the reply brief), plaintiff respectfully asks that the Court not further sanction plaintiff nor his attorney for this inadvertence.

## CONCLUSION

20) Plaintiff's counsel sincerely regrets that plaintiff's summary judgment filings were not compliant with this Court's order of February 6, 2019. This was an attorney error, and was not intended to be malicious in any way nor to create any type of advantage for plaintiff. Plaintiff's counsel further regrets and apologizes for any additional burden that was placed on this Court or the City of Chicago due to plaintiff's counsel's failure to comply with this Court's February 6, 2019, order.

Dated: January 22, 2020     /s/ Irene K. Dymkar
                                                                                     Irene K. Dymkar

Attorneys for Plaintiff:

Irene K. Dymkar
Shamoyita M. DasGupta
Law Office of Irene K. Dymkar
53 West Jackson, Suite 733
Chicago, IL 60604-3462
(312) 345-0123

## CERTIFICATE OF SERVICE

    I, Irene K. Dymkar, an attorney, certify that on January 22, 2020, a copy of PLAINTIFF'S WRITTEN STATEMENT REGARDING SANCTIONS, was served upon the attorneys for defendants named above through the Court's electronic filing system.


Dated: January 22, 2020                          /s/    Irene K. Dymkar
                                                                                Irene K. Dymkar