**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No 13 CV 4597 |
| | ) | |
| v. | ) | Judge Manish S. Shah |
| | ) | |
| RICKY HUGHES, et al., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANTS' MOTIONS *IN LIMINE*

Defendants Ricky Hughes ("Defendant Hughes") and the City of Chicago ("Defendant City") (collectively "Defendants"), by and through one of their attorneys, Scott A. Cohen, Assistant Corporation Counsel Supervisor, hereby file the following motions *in limine*:

*The parties have conferred, and his position is noted with respect to whether he intends to offer evidence Defendants seek to exclude.*

### DEFENDANTS' MOTION *IN LIMINE* NO. 1
### BAR GENERALIZED EVIDENCE OF POLICE "CODE OF SILENCE"

***PLAINTIFF INTENDS TO OFFER, OR MAY OFFER, SOME OF THE EVIDENCE DESCRIBED, AND THEREFORE WILL OPPOSE THE MOTION.***

Defendants seek to bar Plaintiff from offering any testimony, evidence, or argument that police officers in general lie, conspire, cover up or otherwise maintain a "code of silence" to protect their fellow officers. This Court should exclude such evidence because it is not relevant to the jury's determination of the credibility of police testimony in this case and would be extremely prejudicial to Defendants.

Plaintiff may attempt to introduce at trial generalized testimony, evidence, or argument of an alleged police "code of silence" maintained by the Chicago Police Department, and/or police in general, to protect fellow officers accused of wrongdoing. However, evidence is admissible at trial

only if it makes the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FED. R. EVID. 401. Moreover, even when evidence is relevant, it should be excluded if its prejudicial effect substantially outweighs its probative value. FED R. EVID. 403.

At trial, the only relevant inquiry is related to Plaintiff's damages. Given this narrow inquiry, it is simply beyond dispute that general evidence of a police "code of silence" has no bearing whatsoever on the jury's assessment of the evidence in this case. Such generalized evidence has no specific relationship to the officers, former officers, or other police department personnel testifying in this case, and therefore, it is not relevant to the jury's determination of their credibility. *See Shaw v. City of New York*, No. 95 Civ. 9325, 1997 WL 187352, at *7-9 (S.D.N.Y. Apr. 15, 1997) (excluding evidence of blue "code of silence" by which New York City police officers protect fellow officers and lie if necessary to do so); *Heflin v. City of Chicago*, No. 95 C 1990, 1996 WL 28238, at *4 (N.D. Ill. Jan. 22, 1996) (granting unopposed motion to exclude evidence that police officers generally protect or cover-up other officers' misconduct). Moreover, as the court warned in *Shaw*:

> If [evidence of a police "code of silence"] were held admissible here, it logically would be admissible in every suit, civil or criminal, in which a police officer was alleged to be lying to support the testimony of a fellow police officer. Indeed, it would be admissible in every civil and criminal case in which even a single police officer testified. The Court declines to establish such a precedent.

*Shaw*, 1997 WL 187352 at *9. This Court too should decline to open the floodgates to such evidence, especially since Plaintiff's *Monell* claim has been dismissed.

Furthermore, even if general evidence of a police "code of silence" were somehow relevant to the matters at issue, or the credibility of testimony in this case, this Court should nonetheless exclude such evidence because its prejudicial effect substantially outweighs its probative value. Indeed, given its lack of connection to the specific issues and persons in this case, "its probative value is very, very slim, and its prejudicial [impact] is very, very high." *Shaw*, 1997 WL 187352, at *8. Accordingly, this

2

Court should bar Plaintiff from presenting at trial any testimony, evidence or argument that police officers in general lie, conspire, cover up or otherwise maintain a "code of silence" to protect their fellow officers.

**DEFENDANTS' MOTION *IN LIMINE* NO. 2**
**BAR REFERENCE TO OTHER PUBLICIZED EVENTS**
**CONCERNING ALLEGATIONS OF POLICE MISCONDUCT**

***PLAINTIFF DOES NOT INTEND TO OFFER THE EVIDENCE DESCRIBED, UNLESS DEFENDANT OPENS THE DOOR, AND THEREFORE DOES NOT OPPOSE THE MOTION.***

Defendants believe Plaintiff may attempt to mention, discuss, or refer to other events regarding police misconduct, such as, but not limited to, highly publicized incidents involving the Chicago Police Department or other police departments around the country. Such incidents have placed the issue of allegations of police misconduct before the public by way of extensive media coverage, such that law enforcement personnel are often depicted in an unfavorable, and even hostile, manner. Defendants do not condone any of this alleged conduct and should not be forced to defend the conduct of others during this trial.

Comments and implied references regarding police misconduct in other cases have absolutely no probative value and are totally irrelevant to the issues presented. Accordingly, Plaintiff should be precluded from making any reference to any alleged police misconduct, including highly publicized instances of such misconduct, here in Chicago or in other jurisdictions. *See Saunders v. City of Chicago*, 320 F. Supp. 2d 735, 740 (N.D. Ill. 2004) (granting similar motion).

**DEFENDANTS' MOTION *IN LIMINE* NO. 3**
**BAR ANY TESTIMONY, EVIDENCE, ARGUMENT, OR INNUENDO THAT**
**ANY NON-DEFENDANT POLICE OFFICERS ENGAGED IN MISCONDUCT**

***PLAINTIFF INTENDS TO OFFER, OR MAY OFFER, SOME OF THE EVIDENCE DESCRIBED, AND THEREFORE WILL OPPOSE THE MOTION.***

Defendants move to bar any testimony, evidence, argument, or innuendo from Plaintiff, Plaintiff's counsel, or any witness that any non-Defendant police officers, non-Defendant Chicago

Police Department personnel, or any other City of Chicago employee engaged in any misconduct or caused any injury to Plaintiff in any manner. Simply put, Defendant Hughes is not liable for the actions of another person. *Martin v. Tyson*, 845 F.2d 1451, 1455 (7th Cir. 1988); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Walker v. Rowe*, 791 F.2d 507, 508 (7th Cir. 1986).

To allow any testimony or argument with regard to an alleged injury caused by another City of Chicago Police Officer or other City of Chicago employee invites the jury to assess damages against Defendant Hughes if they wanted to compensate Plaintiff for any such alleged injury and / or to punish Defendant Hughes for the alleged actions of another individual. Accordingly, Plaintiff, Plaintiff's attorney, and witnesses must be barred from mentioning or referring to any alleged misconduct by any non-Defendant police officer, Chicago Police Department personnel, or any other City of Chicago employee.

### DEFENDANTS' MOTION *IN LIMINE* NO. 4
### BAR ANY EVIDENCE OR SUGGESTION THAT THE CITY
### IMPROPERLY TRAINS, DISCIPLINES, OR INVESTIGATES MISCONDUCT
### OF OFFICERS OR HAS IMPROPER POLICIES AND PROCEDURES

***PLAINTIFF DOES NOT INTEND TO OFFER THE EVIDENCE DESCRIBED, UNLESS DEFENDANT OPENS THE DOOR, AND THEREFORE DOES NOT OPPOSE THE MOTION.***

Defendants move to bar Plaintiff from arguing or eliciting testimony that the City of Chicago improperly trains, disciplines, monitors or controls police officers. Such information is irrelevant to the issues in this case, is highly prejudicial, and is likely to confuse the jury. FED. R. EVID. 401 and 403. In Illinois, "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILL. COMP. STAT. 10/2-109 (2016). Furthermore, no separate policy claim is at issue in this trial. To impose liability on a municipality under §1983, Plaintiff must comply with the framework established by the Supreme Court in *Monell v. New York City Dep't of Social Services*, in which the purported constitutional injury must be proximately caused by the execution of an official government policy or custom. 436 U.S. 658, 694 (1978). Plaintiff's *Monell* claim was

dismissed by this Court. Therefore, any reference, question or testimony that would imply or suggest that the City improperly trains, disciplines or investigates police officers should be barred.

### DEFENDANTS' MOTION *IN LIMINE* NO. 5
### BAR ANY EVIDENCE OF PENDING OR PAST CIVILIAN
### COMPLAINTS, LAWSUITS, AND EMPLOYEE OR OTHER DISCIPLINARY
### PROCEEDINGS AGAINST CHICAGO POLICE PERSONNEL

***PLAINTIFF INTENDS TO OFFER, OR MAY OFFER, SOME OF THE EVIDENCE DESCRIBED, AND THEREFORE WILL OPPOSE THE MOTION.***

Defendants move to bar Plaintiff from offering any testimony, evidence, or argument regarding the prior disciplinary records of any of Defendant Hughes or other police department personnel involved in this incident. Defendants' motion should be granted because such prior disciplinary records are wholly irrelevant and highly prejudicial to the issue of Plaintiff's damages and Defendant Hughes' conduct in this case.

Any attempt to introduce testimony and evidence relating to prior instances of alleged misconduct by Defendant Hughes and other non-defendant police officer witnesses who may be called to testify at trial should be barred. This evidence would most likely be, but is not necessarily limited to, prior lawsuits and citizens' complaints against Defendant Hughes and other police officer witnesses. Defendants move to bar other evidence of prior alleged misconduct because it constitutes improper character evidence, or propensity evidence, under FED. R. EVID. 404. Moreover, such evidence is irrelevant, hearsay, and any probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. *See* FED. R EVID. 402 and 403.

Any information or allegation that Defendant Hughes may have acted wrongfully in the past is nothing more than so-called "bad acts" evidence or "propensity evidence." Propensity evidence, however, is inadmissible to prove that a party acted consistently on the occasion in question with his alleged bad character under FED. R. EVID. 404(b). *See Huddleston v. United States*, 485 U.S. 681, 685

(1988); *United States v. Shriver*, 842 F.2d 968, 973-74 (7th Cir. 1988). In this case, Plaintiff's only purpose in introducing or suggesting such evidence would be to attempt to taint the jury by implying that accusations of alleged misconduct were brought against Defendant Hughes in the past, and therefore it is likely that he acted in a similar manner under the circumstances presented in this case.

Although Rule 404(b) permits the admission of evidence of other acts if such evidence is directed toward establishing a matter in issue other than a defendant's propensity to commit the act charged, Plaintiff will not be able to satisfy his burden under Rule 404(b) of explicitly articulating which exception to the general rule applies here. Moreover, even if there were some probative value in admitting this evidence, that probative value would be overwhelmingly outweighed by the danger of unfair prejudice. FED. R. EVID. 403; *see also Berkovich v. Hicks*, 922 F.2d 1018, 1022-23 (2d Cir. 1991) (holding that the admission of evidence of other complaints against officers was irrelevant and overwhelmingly prejudicial to the defendant). Further, in the event that evidence of other complaints or lawsuits is allowed to go to the jury, Defendant Hughes will be forced to present evidence that the alleged other incidents did not occur, that such complaints are unfounded, which would result in a series of collateral mini-trials within this trial. *Jones v. Hamelman*, 869 F.2d 1023, 1027 (7th Cir. 1989); *Vukadinovich v. Zentz*, 995 F.2d 750, 755-56 (7th Cir. 1993) (holding that complaints against officers arising from dissimilar events should be excluded from trial).

Accordingly, this Court should preclude Plaintiff from attempting to elicit testimony or otherwise introduce evidence relating to any prior discipline/lawsuits or other complaints of misconduct against Defendant Hughes or any other Chicago Police personnel.

### DEFENDANTS' MOTION *IN LIMINE* NO. 6
### BAR ANY TESTIMONY OR EVIDENCE REGARDING
### INDEMNIFICATION BY THE CITY OF CHICAGO

***PLAINTIFF INTENDS TO OFFER THE EVIDENCE DESCRIBED, AND THEREFORE WILL OPPOSE THE MOTION.***

Defendants move to bar any comment on indemnification by the City of Chicago. Whether or not the City of Chicago indemnifies Defendant Hughes is completely irrelevant to the issue of Plaintiff's damages.

It is undisputed that the City will indemnify Defendant Hughes for any compensatory damages assessed in this case. Thus, mentioning indemnification by the City would signal to the jury that "deep pockets" are available to pay any judgment. This purpose runs afoul of federal and Illinois law establishing that evidence of indemnification of potential damages is inadmissible as irrelevant and highly prejudicial to the issue of liability. FED. R. EVID. 411; *Walker v. Saenz*, No. 91 C 3669, 1992 WL 317188, at *3 (N.D. Ill. Oct. 27, 1992).

Knowledge that the City of Chicago will indemnify Defendant Hughes for possible damages might encourage jurors to award Plaintiff more than they might otherwise, regardless of the facts presented at trial. Such knowledge can also lead jurors to inflate an award out of sympathy or other irrelevant factors. Accordingly, the Court should bar any evidence regarding indemnification, unless Defendant Hughes raise the defense of inability to pay punitive damages at trial.

### DEFENDANTS' MOTION *IN LIMINE* NO. 7
### BAR ANY REFERENCE TO PUNISHING OR SENDING A MESSAGE TO THE CITY

***PLAINTIFF INTENDS TO OFFER, OR MAY OFFER, SOME OF THE EVIDENCE DESCRIBED, AND THEREFORE WILL OPPOSE THE MOTION.***

Defendants move to bar Plaintiff from making any argument that the jury should "send a message" to the City with its damages award, or that the jury should somehow punish the City with its award.

Sending a message, or recommending punishment, cannot form the basis for any damages other than punitive damages. As a matter of law, Plaintiff cannot recover punitive damages from the City. *See* 745 ILL. COMP. STAT. 10/2-102 (2016); *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981). Any such implication would be unfairly prejudicial to Defendants. *See* FED. R. EVID. 403. Any argument about "sending a message to the City" would inappropriately lead the jury to believe that by assessing punitive damages, they would be doing so against the City, instead of Defendant Hughes. Any reference that the City and the Chicago Police Department should be punished would risk substantial, unfair prejudice against Defendant Hughes because he has to pay any punitive damages award out of his own pockets. As such, this Court should bar any argument regarding "sending a message" or "punishing" the City.

### DEFENDANTS' MOTION *IN LIMINE* NO. 8
### BAR ANY IMPLICATION OR TESTIMONY THAT CHICAGO POLICE DEPARTMENT PERSONNEL ARE BEING PAID BY THE CITY TO APPEAR IN COURT AND TESTIFY AND THAT THEY SPENT TIME WITH AN ATTORNEY TO PREPARE FOR TRIAL

*PLAINTIFF DOES NOT INTEND TO OFFER THE EVIDENCE DESCRIBED, UNLESS DEFENDANT OPENS THE DOOR, AND THEREFORE DOES NOT OPPOSE THE MOTION.*

Defendant Hughes is a member of the Chicago Police Department and may be paid during this trial. As such, Defendants move to bar Plaintiff's Counsel from making any statements or inferences that Defendant Hughes, along with non-defendant officer witnesses, are being paid for their time in court because it is irrelevant and highly prejudicial to Defendants. Further, Defendants move to bar any evidence that Defendant Hughes or and any witnesses employed by the City spent time talking to an attorney to prepare for trial. Notably, 7th Circuit Pattern Jury Instruction 1.16 states that it is proper for a lawyer to meet with any witness in preparation for trial. Allowing Plaintiff's counsel to ask questions regarding witnesses' preparation with an attorney implies there is something improper with preparing for trial. It is irrelevant that any witness spent time meeting with an attorney to prepare for trial. Further, Instruction 1.16 is not enough to prevent the prejudice suffered by

Defendants if such evidence is allowed in this trial. Any probative value it may have is substantially outweighed by the danger of unfair prejudice and misleading the jury. *See* FED. R. EVID. 402 and 403.

### DEFENDANTS' MOTION *in limine* NO. 9
### BAR ATTORNEYS FROM SPEAKING WITH ANY WITNESSES ABOUT HIS OR HER TRIAL TESTIMONY WHILE THAT WITNESS IS STILL UNDER OATH TO PROVIDE SWORN TESTIMONY

***PLAINTIFF DOES NOT INTEND TO OFFER THE EVIDENCE DESCRIBED, UNLESS DEFENDANT OPENS THE DOOR, AND THEREFORE DOES NOT OPPOSE THE MOTION.***

Defendants request that once a witness is called to testify, no attorney shall confer with that witness about his or her trial testimony until the termination of the testimony.

### DEFENDANTS' MOTION *in limine* NO. 10
### BAR ANY TESTIMONY OR ARGUMENT REGARDING SETTLEMENT

***PLAINTIFF DOES NOT INTEND TO OFFER THE EVIDENCE DESCRIBED, UNLESS DEFENDANT OPENS THE DOOR, AND THEREFORE DOES NOT OPPOSE THE MOTION.***

Defendants move to bar any testimony from Plaintiff or any of his witnesses with regard to any attempts made to settle this matter, including, but not limited to testimony that Plaintiff offered or refrained from offering any settlement proposal, testimony that Defendants made any or no offer to dispose of this case, or testimony alleging that Defendants did not accept Plaintiff's attempt to settle this matter. Such testimony is confidential and more prejudicial than probative.

### DEFENDANTS' MOTION *in limine* NO. 11
### BAR ANY EVIDENCE OR REFERENCE THAT COPA, IPRA, OR ANY OTHER AGENCY INVESTIGATED THIS INCIDENT

***PLAINTIFF DOES NOT INTEND TO OFFER THE EVIDENCE DESCRIBED, UNLESS DEFENDANT OPENS THE DOOR, AND THEREFORE DOES NOT OPPOSE THE MOTION.***

Defendants move to bar Plaintiff from mentioning any investigation of Defendant Hughes in this case by the Civilian Office of Police Accountability ("COPA") or the Independent Police Review Authority ("IPRA") and making any reference to an "internal investigation" or similar terms regarding the incident alleged in the complaint. The nature and quality of any such investigation into the

allegations raised by this lawsuit is entirely irrelevant to the claims, is prejudicial in that it could be used to cause the jury to inflate a damages award assessed against Defendant Hughes.

Reference to any such investigation or internal investigation would unduly prejudice Defendants by creating an improper negative inference against Defendant Hughes. *See Christmas v. City of Chicago*, 691 F. Supp. 2d 811, 818 (N.D. Ill. 2010) (barring evidence that the Office of Professional Standards "OPS" investigated the incident involving Plaintiff); *Delgado v. Mak*, No. 06 C 3757, 2008 WL 4367458, at *2 (N.D. Ill. 2008) (finding that potential prejudice from testimony regarding internal affairs investigation substantially outweighed its probative value and barred this evidence); *Sallenger v. City of Springfield*, No. 03-3093, 2007 WL 2683791, at *1 (C.D. Ill. 2007) (finding that evidence related to internal investigations, or lack thereof, and any outcome, was inadmissible due to the substantial risk of jury confusion or possibility that the jury would base its decision on improper basis).

The Seventh Circuit has not recognized an allegation of "inadequate police investigatory work" as a civil rights claim in the absence of another recognized constitutional right. *Jacobson v. National Railroad Passenger Corp.*, No. 97 C 6012, 1999 WL 1101299, at *10 (N.D. Ill. 1999); *see also David v. Village of Oak Lawn*, 954 F. Supp. 1241, 1245-46 (N.D. Ill. 1996) (holding that plaintiff did not have constitutional right to have his complaints investigated). Further, there is no pending *Monell* claim regarding the City's policies or procedures. Therefore, this motion should be granted because the proposed evidence is irrelevant, consists of inadmissible hearsay, and its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. *See* FED. R. EVID. 401, 402 and 403.

### DEFENDANTS' MOTION *IN LIMINE* NO. 12
### BAR ANY ARGUMENT THAT DEFENDANTS HAVE DELAYED THE
### TRIAL OR THAT PLAINTIFF HAS WAITED A LONG TIME FOR TRIAL

***PLAINTIFF INTENDS TO OFFER THE EVIDENCE DESCRIBED, AND THEREFORE WILL OPPOSE THE MOTION.***

Defendants move to bar Plaintiff's Counsel from arguing that Defendants have delayed the trial or that the Plaintiff has waited a long time for trial. There is no evidence that Defendants have delayed the trial and the fact that Plaintiff may have been waiting a long time for trial is irrelevant to the issues in this case.

### DEFENDANTS' MOTION *IN LIMINE* NO. 13
### BAR ANY ARGUMENT OR INFERENCE THAT DEFENDANTS
### ALLEGEDLY FAILED TO CALL ANY WITNESSES

***PLAINTIFF INTENDS TO OFFER THE EVIDENCE DESCRIBED, AND THEREFORE WILL OPPOSE THE MOTION.***

Defendants move to bar Plaintiff from arguing that Defendants failed to call any witness at trial in this case. In a civil case, Plaintiff bears the burden of proving his case by a preponderance of the evidence. Defendants, therefore, have no obligation to put on a defense or call witnesses to in this case. Furthermore, Defendants are under no duty to call any witnesses at trial, and any argument to the contrary by Plaintiff would improperly shift the burden of proof to the Defendants. However, FED. R. EVID. 401-404 do not prohibit Defendants from referencing and commenting on Plaintiff's failure to call any witness, as Plaintiff bears the burden of proof in this case. These rules dictate what constitutes relevant evidence and protect against the introduction of evidence that lacks sufficient probative value or would unfairly prejudice one party. Plaintiff's failure to prove his burden is relevant and highly probative to the facts at issue in the case and does not unfairly prejudice Plaintiff.

For these reasons, Defendants seek to move this Court to bar any attempt by Plaintiff to argue concerning Defendants' failure to call any witnesses during trial.

### DEFENDANTS' MOTION *IN LIMINE* NO. 14
### BAR ANY TESTIMONY BY PLAINTIFF REGARDING ANY PAST EXPERIENCES WITH POLICE OFFICERS

#### PLAINTIFF INTENDS TO OFFER, OR MAY OFFER, SOME OF THE EVIDENCE DESCRIBED, AND THEREFORE WILL OPPOSE THE MOTION.

Defendants move to bar Plaintiff from testifying about negative past experiences with police officers. Defendant Hughes cannot be liable for the actions of any other person. *See Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *see also Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) ("[i]ndividual liability under 42 U.S.C. § 1983 can only be based on a finding that the defendant caused the deprivation at issue."). Any evidence of allegedly improper actions by non-defendant police officers should be barred because this information is irrelevant to any issue in this case and is more prejudicial than probative. FED. R.'S EVID. 401, 402, and 403. Testimony that the Plaintiff has a fear of police or has had negative encounters with police officers in the past could prejudice the jury. It could also lead the jury to inflate an award assessed against Defendant Hughes based on Plaintiff's interactions with other police officers instead of basing its judgment on Defendant Hughes' actions in this case.

### DEFENDANTS' MOTION *IN LIMINE* NO. 15
### MOTION TO BAR ANY MENTION THAT DEFENSE ATTORNEYS WORK FOR THE CITY OF CHICAGO

#### PLAINTIFF INTENDS TO OFFER THE EVIDENCE DESCRIBED, AND THEREFORE WILL OPPOSE THE MOTION.

Defendants move this Court for an Order *in limine* barring Plaintiff from making any reference to Defendants' attorneys as "Corporation Counsel," "Assistant Corporation Counsel," "The City lawyers," "The City," or similar terms. Defendants' motion should be granted because reference to Defendants' attorneys' corporate nature and affiliation with the City is improper and will serve no purpose other than to improperly suggest to the jury that the City of Chicago—not Defendant

Hughes—will pay any judgment in this case, or that Defendant Hughes is improperly receiving free legal representation.

### DEFENDANTS' MOTION *IN LIMINE* NO. 16
#### MOTION TO BAR PLAINTIFF'S COUNSEL FROM REQUESTING DEFENDANT HUGHES OR HIS ATTORNEYS TO PRODUCE ANY INFORMATION OR DOCUMENTS IN THE PRESENCE AND HEARING OF THE JURY AND FROM IMPLYING THAT DEFENDANT HAS NOT COMPLIED WITH ANY DISCOVERY REQUEST

*PLAINTIFF INTENDS TO OFFER, OR MAY OFFER, SOME OF THE EVIDENCE DESCRIBED, AND THEREFORE WILL OPPOSE THE MOTION.*

Defendants ask the Court to prohibit Plaintiff's counsel from requesting from Defendant Hughes or his attorneys to produce any information or documents in the presence and hearing of the jury. *See* Fed. R. Evid. 402 and 403. Defendants further move to bar Plaintiff's counsel from arguing or implying that Defendant Hughes has not complied with or been diligent with respect to any discovery request or issues in this case since such information or disagreement is irrelevant and designed to confuse the jury. Issues of pre-trial discovery are for the Court to resolve, not the jury. *See* Fed. R. Evid. 402 and 403.

### DEFENDANTS' MOTION *IN LIMINE* NO. 17
#### MOTION TO BAR PLAINTIFF FROM REFERRING TO THE CITY OF CHICAGO AS A DEFENDANT AND TO REMOVE THE CITY OF CHICAGO FROM ALL CAPTIONS TO BE SEEN BY THE JURY

*PLAINTIFF INTENDS TO OFFER THE EVIDENCE DESCRIBED, AND THEREFORE WILL OPPOSE THE MOTION.*

Defendants move to bar mentioning the City of Chicago ("City") as a named defendant. The City should be removed as a trial defendant because there are no substantive claims left against the City in this case. At all relevant times, Defendants admit that Defendant Hughes was acting under the color of law and within the scope of his employment with the City of Chicago. Defendants agree that an award of compensatory damages, attorneys' fees, and/or costs would result in an automatic judgment against the City for the same amount. The City is truly only a party defendant for indemnification purpose, so there is no need for the City to be a named trial defendant. Additionally,

although the City can be liable under a theory of *respondeat superior* for the actions of unknown and unnamed employees under certain circumstances, that is not a claim before the jury in this case. For these reasons, this Court should bar Plaintiff from referencing the City of Chicago as a defendant in this case. Likewise, the City of Chicago should not appear on any case caption or verdict form that will be seen by the jury.

**DEFENDANTS' MOTION *IN LIMINE* NO. 18**
**MOTION TO BAR TESTIMONY, ARGUMENT OR INNUENDO THAT THIS INCIDENT WAS RACIALLY MOTIVATED**

***PLAINTIFF DOES NOT INTEND TO OFFER THE EVIDENCE DESCRIBED, UNLESS DEFENDANT OPENS THE DOOR, AND THEREFORE DOES NOT OPPOSE THE MOTION.***

This case is not about race. Defendants ask that Plaintiff should be barred from making any argument suggesting that the race of Plaintiff, Defendant Hughes, or any other witness played a role in the actions taken in this case. Discovery has revealed no evidence whatsoever that this incident was racially motivated. Nor has Plaintiff brought a claim of racial discrimination. Any such testimony or argument is of no relevance, is unsubstantiated, and would serve only to attempt to provoke the jury's emotion, thereby leading to substantial unfair prejudice to Defendant Hughes. See Fed. R. Evid. 401, 402, and 403.

**DEFENDANTS' MOTION *IN LIMINE* NO. 19**
**MOTION TO BAR NINE CHICAGO POLICE DEPARTMENT WITNESSES**

***PLAINTIFF INTENDS TO OFFER THE EVIDENCE DESCRIBED, AND THEREFORE WILL OPPOSE THE MOTION.***

Plaintiff proposes as possible witnesses nine present or former Chicago Police officers: Kevin Johnson, Russell White Jr., Kenneth Yakes, Shawn Pickett, Richard Peck, Thomas Lieber, Joshua Weitzman, Jonathan Shortall, and Calvin Ridgell. These witnesses should be barred for lack of relevance under Fed. R. Evid. 401 and cumulativeness and confusion of issues under Fed. R. Evid. 403.

These potential witnesses were all deposed during discovery. Only one, Officer Shortall, had any involvement in Defendant Hughes' procurement of the warrant at issue, and his deposition testimony is that he does not remember that involvement. Eight of the potential witnesses – Johnson, White, Yakes, Pickett, Peck, Lieber, Weitzman, and Shortall – never interacted with Plaintiff at all. Seven of those – all but Weitzman – helped execute the search warrant, but Plaintiff was not at home during the execution of the warrant. According to their depositions, none of these eight potential witnesses have much recollection of the search. The ninth potential witness, Officer Ridgell, was one of the officers that Plaintiff self-surrendered to on June 28, 2011. His deposition testimony, in summary, is that a person called Officer Ridgell to let him know that Plaintiff wanted to turn himself in, that Officer Ridgell facilitated Plaintiff's surrender at the 11th District police station, that Officer Ridgell interviewed Plaintiff for the arrest report, and that Plaintiff was well-mannered and not agitated when he self-surrendered.

Given the foregoing, it is unclear to Defendants what relevance any of these nine witnesses might have to a trial about Plaintiff's damages stemming from the search or whether Defendant Hughes should be required to pay punitive damages. None of the witnesses can testify as to what Plaintiff's damages are because they have little to no basis for doing so, having at most limited interaction with him. They cannot testify meaningfully as to whether punitive damages should be assessed against Defendant Hughes, since they are unable to testify meaningfully as to what Defendant Hughes did or failed to do in this case.

Even assuming for argument's sake that they had relevant testimony to offer, such testimony would be unnecessarily cumulative and likely to cause jury confusion. Defendant Hughes can attest to the steps he took or failed to take to procure the warrant and what happened during the execution of the warrant. Plaintiff can testify as to the condition of his apartment, and has witnesses that, if permitted, can also testify as to what happened during execution of the warrant. It is unclear why more

15

than one additional witness would be needed on these points, let alone nine. Moreover, by having these nine Chicago police officer witnesses testify, it increases the likelihood that the trial would start to veer into subjects that have nothing to do with Plaintiff's damages, such as the validity of the informant or of the investigative alert system. To the extent that any of the nine Chicago police witnesses might have given relevant testimony, Defendants are open to a stipulation that if called, these witnesses would testify in accordance with their depositions.

For the foregoing reasons, Defendants respectfully request that the Court grant this motion *in limine* and bar these nine Chicago Police witnesses.

### DEFENDANTS' MOTION *IN LIMINE* NO. 20
### MOTION TO BAR POTENTIAL WITNESSES RITA PHANORD, BARBARA TAYLOR, MARIO BARNES, AND MARY GREEN

**PLAINTIFF INTENDS TO OFFER THE EVIDENCE DESCRIBED, AND THEREFORE WILL OPPOSE THE MOTION.**

Plaintiff has named as potential trial witnesses Rita Phanord, Mario Barnes, Barbara Taylor, and Mary Green. Each of these witnesses should be barred for different reasons..

Rita Phanord is listed on Plaintiff's second supplemental Fed. R. Civ. P. 26(a)(1)(A) Disclosures as to the subject matter of "Tenancy of plaintiff, Mario Barnes, and Barbara Taylor at 463 W. 62nd St., Chicago, Illinois, and circumstances of police search of Apartment 1N on June 22, 2011." Discovery has made clear that Ms. Phanord was not present during the search itself. The tenancy of plaintiff is not in reasonable dispute in the case. Since she has no relevant testimony to give as to Plaintiff's damages, she is properly excluded under Fed. R. Evid. 401. To the extent she conceivably may have testimony to give, such testimony would be unnecessarily cumulative and should be excluded under Fed. R. Evid. 403. Finally, Ms. Phanord gave a declaration after discovery had closed that Plaintiff included as part of the summary judgment record in this case. Defendant Hughes had previously moved to strike this declaration as improper. Dkt. 217. Defendants renew that objection

now, and state that they would be unfairly prejudiced if Ms. Phanord is allowed to testify without their having a fair opportunity to depose her.

Plaintiff's Fed. R. Civ. P. 26(a)(1)(A) disclosures of Mario Barnes and Barbara Taylor stated that they had knowledge as to "Circumstances of execution of Search Warrant," but did not list their addresses or contact information. Those omissions make their disclosures incomplete and improper. Barbara Taylor is Plaintiff's niece. Both were present during the search. Thus, Defendant Hughes attempted to seek their testimony during fact discovery, even sending out a process server to Barnes's last known address. These efforts were in vain. Then, after the close of discovery, Plaintiff obtained an affidavit from Mario Barnes for use in summary judgment briefing without disclosing that he had located Barnes and had contact information for him and Phanord. Defendant Hughes objected to these declarations, and the Court noted that "Taylor's lack of cooperation in disclosing Barnes's information goes against the spirit of the Federal Rules" but that the prejudice was not so great that his declaration should be disregarded. Dkt. 231 at n.2. Defendants renew the objection that they would be unduly prejudiced if Plaintiff were able to present Barnes and Barbara Taylor as witnesses – people whose contact information he still has not fairly disclosed as of the proposed pretrial order. Plaintiff should not be rewarded for going against the spirit and the letter of the Federal Rules.

Even setting aside Defendants' objections to Plaintiff's failure to disclose contact information for potential witnesses Barnes and Barbara Taylor, it is unclear that either has testimony relevant to Plaintiff's damages that Plaintiff cannot offer himself. They are thus properly excluded under Fed. R. Evid. 401 and 403 for lack of relevancy and cumulativeness.

Green was the occupant of 645 W. 62nd St., Apt. 1N, the apartment erroneously stated as the target on the search warrant. While Ms. Green may have strong sentiments about Defendant Hughes's error, those sentiments are completely irrelevant to Plaintiff's damages and whether punitive damages should be assessed against Defendant Hughes. She is therefore properly excluded under Fed. R. Evid.

401. Even assuming for argument's sake that she had relevant testimony to give, the probative value of such testimony is substantially outweighed by the danger of unfair prejudice, and thus is properly excluded under Fed. R. Evid. 403.

For the foregoing reasons, Defendants respectfully request the Court grant this motion *in limine* and bar Rita Phanord, Mario Barnes, Barbara Taylor, and Mary Green as witnesses.

### DEFENDANTS' MOTION *IN LIMINE* NO. 21
### MOTION TO BAR TESTIMONY, EVIDENCE OR INNUENDO ABOUT MISCELLANEOUS IRRELEVANT SUBJECTS

*PLAINTIFF INTENDS TO OFFER, OR MAY OFFER, SOME OF THE EVIDENCE DESCRIBED, AND THEREFORE WILL OPPOSE THE MOTION.*

During the litigation of this case, Plaintiff has explored a plethora of subjects that are no longer relevant to the only remaining claims. Defendants are concerned that Plaintiff will attempt to re-litigate these subjects or to use them to improperly impute that Defendant Hughes should be liable for punitive damages.

Those subjects include, but are not limited to:

- Wider police operations called Operation Uptown Girl and Operation Sugar Magnolia, and the implication that since Plaintiff does not live in Chicago's Uptown neighborhood that there was something improper about the information received;
- Information about the identity of the informant, including the informant's previous criminal history, what Defendant Hughes remembers about the informant's personal information, Defendant Hughes's notes as to the informant and destruction of them;
- The general mechanisms by which Chicago police officers contact judges to obtain warrants;
- Broader policy concerns about the City's use of informants, including the distinctions between different types of informants and whether the City's use of John Doe informants is constitutional;
- Whether the City's use of the investigative alert system was constitutional;
- Whether Plaintiff's December 2011 arrest was constitutional;
- The processing of the firearm seized from Plaintiff's apartment and the circumstances surrounding its destruction.

None of the above is relevant to the question of what damages Plaintiff sustained in the search and whether punitive damages should be assessed. Therefore, these topics are properly excluded under Fed. R. Evid. 401.

<strong>DEFENDANTS' MOTION <em>IN LIMINE</em> NO. 22<br>MOTION TO BAR ARGUMENT OR EVIDENCE OF DAMAGES PLAINTIFF<br>SUSTAINED AFTER THE DISCOVERY OF THE FIREARM</strong>

<strong><em>PLAINTIFF INTENDS TO OFFER THE EVIDENCE DESCRIBED, AND THEREFORE WILL OPPOSE THE MOTION.</em></strong>

Defendants move to bar argument or evidence of damages Plaintiff sustained after the discovery of the firearm in his residence. When Plaintiff first brough this action, he claimed he was falsely arrested and unlawfully prosecuted in connection with the Glock handgun found during the search of his residence. However, judgement was entered against him on those claims, and they are no longer at issue. The only claims on which Plaintiff prevailed have to do with the procurement of the search warrant and the entry into and search of the residence.

Damages in this case should be limited to the unlawful procurement and entry/search because the exclusionary rule does not apply in civil cases. *Martin v. Martinez*, 934 F.3d 594, 598 (7th Cir. 2019). For example, if a police officer unlawfully searches a car but finds contraband, probable cause exists for the seizure, and probable cause is an absolute bar to Fourth Amendment and malicious prosecution claims. *Id.*; *Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009); *Gauger v. Hendle*, 954 N.E.2d 307, 332 (Ill. App. 2011). Even though this case involves a residence and not a car, the principle is the same – once the firearm was discovered, the exclusionary rule does not apply, and probable cause existed for the subsequent detention and prosecution. Additionally, as stated above, Plaintiff did not prevail on his claims related to the seizure/prosecution.

Given the claims on which Plaintiff prevailed, he cannot recover for damages unless they are related to the unlawful procurement of the warrant, the unlawful entry into his home, and the search

19

itself (but only up until the time the firearm was discovered). Anything that flows from the discovery of the firearm (arrest, prosecution, associated emotional stress, his later arrest pursuant to a stale investigative alert, etc.) should be barred. Such damages are unrelated to the claims on which Plaintiff prevailed, and argument or evidence concerning that evidence would be unduly prejudicial to Defendants.

Dated: March 22, 2023

/s/ Scott A. Cohen
Scott A. Cohen
*Attorney for Defendants*

Scott A. Cohen
Raoul Mowatt
Emily Bammel
City of Chicago Department of Law
2 N. LaSalle St., Ste. 420
Chicago, IL 60602
(312) 744-2568
scott.cohen@cityofchicago.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2023, I caused the foregoing document to be served on all counsel of record using this Court's electronic filing system.

*/s/ Scott A. Cohen*
Scott A. Cohen
*Attorney for Defendants*
